MINNIE GEISEKE, *Appellant,* V. J. D. WALTHALL, *Appellee.*

No. 17,591.

SYLLABUS BY THE COURT.

1. CASE DISMISSED—*Failure to Give Security for Costs.* Section 609 of the civil code invests a district court with power, in its discretion, to dismiss an action at any time before judgment upon the failure of the plaintiff to comply with an order for additional security for costs. This discretion, however, should be used in harmony with the other provisions of the code which exempt persons unable by reason of poverty to give such security from such requirement. (*Stevens v. Sheriff,* 76 Kan. 124, 90 Pac. 799.)

:2. —————— *Same.* Under the facts in this case, we think the discretion of the court was not abused, and the order of dismissal is affirmed.

Appeal from Miami district court. Opinion filed May 11, 1912. Affirmed.

*Frank M. Sheridan, Charles T. Meuser,* and *Bernard L. Sheridan,* for the appellant.

*Alpheus Lane, M. A. Lane, E. J. Sheldon,* and *S. J. Shively,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought to recover damages for alleged negligent treatment of the plaintiff by the defendant as her physician and surgeon.

It was tried to three different juries in the district court. On the first trial the jury returned a verdict in favor of the defendant, but the plaintiff filed a motion for a new trial and before the hearing thereof Judge Sheldon sickened and died, and his successor, Judge Rankin, for evident reasons granted a new trial. On the second and third trials the jury failed to agree and were discharged. The first trial was had without security for costs, the plaintiff having filed a poverty affi-

davit.  On the second trial, on the motion of the de-
fendant, the plaintiff was required to give security for
costs and deposited $200 with the clerk for that pur-
pose.  On the third trial in like manner she deposited
$300 on the order of the court.

After the third mistrial, the defendant again moved
for additional security for costs, and by affidavit
showed that over $600 in costs had accrued in the ac-
tion—more than $100 in excess of former deposits.
Also, that since the beginning of the action the plaintiff
and her husband had disposed of all their property
in Miami county and had removed therefrom to the
state of California and were nonresidents of the state
of Kansas.  Thereupon the plaintiff filed another
poverty affidavit and asked leave to proceed to trial
without further security for costs.  This request was
denied and additional security in the sum of $200 was
required by the order of the court.  Thereafter, the
plaintiff having failed to comply with the order, on
motion of the defendant the action was dismissed.  To
reverse this order the appeal is taken.

Evidence had previously been introduced before the
same court that the plaintiff and her husband had dis-
posed of their property in Miami county for about the
sum of $10,000, and had removed to California and be-
come nonresidents of Kansas.  Also, from the circum-
stance that the husband of the plaintiff had twice be-
fore assisted her in making the deposits for security
for costs, the court may have believed that the plaintiff
and her husband were themselves so doubtful of her
right of recovery or the probability of recovering in
the action that they were unwilling to risk a further
deposit as security for costs but were willing to further
contest the case if they could do so without risk.

The affidavit of the plaintiff, of her inability to give
security for costs, was sufficient to justify the conclu-
sion that the costs of the action could not be recovered
from her in case she was adjudged to pay them.  She

contends that the ruling of the court is a denial to her of the equal protection of the laws, but a reading of section 609 of the civil code shows that the statute is applicable to plaintiffs in all actions whether residents or nonresidents of the state. It is true that section 606 of the code requires nonresidents to make deposit as security instead of giving bond therefor, as is permitted to residents. This is for the good reason that in case a liability should attach a bond executed by a nonresident might not be enforceable in the courts of this state. The statute was enacted for the beneficent purpose of enabling persons whose poverty renders them unable to give security for costs to prosecute actions in the courts of this state for encroachments upon their rights. The statute also invests in the court a wise discretion to dismiss the action for the purpose of preventing those who are really able to take the chances of asserting their own rights in court from using the exemption as a shield to protect them from the chances of loss.

In this case we think the discretion of the court was not abused and the order of dismissal is affirmed.